**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 NOV 26 PM 4: 20

DEPUTY CLERK

| | | |
|---|---|---|
| **MICHAEL WAYNE TAYLOR** | § | |
| | § | |
| | § | |
| v. | § | **No. 3:10-CV-0113-D** |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| **Director TDCJ-CID** | § | |
| | § | |
| | § | **Referred to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

Michael Wayne Taylor, a state prisoner, has filed a petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be denied.

### I. BACKGROUND

In August of 2006, Taylor was convicted of murder and sentenced to 30 years of imprisonment. Taylor appealed and his conviction was affirmed. *Taylor v. State*, No. 05-06-01258-CR, 2008 WL 2426655 (Tex. App.— Dallas [5th Dist.], pet. ref'd). Taylor filed a state habeas application and the Court of Criminal Appeals denied it without written order on the findings of the trial court. Thereafter, Taylor filed the instant petition.

### II. DISCUSSION

In his 44-page petition, Taylor contends that: (1) the evidence adduced at trial does not support his conviction; (2) the jury received an incorrect instruction on a lesser included offense; (3) the trial court incorrectly denied his double jeopardy motion; (4) the prosecutor struck at Taylor over the shoulder of his counsel; (5) the prosecutor improperly commented on Taylor's counsel's failure

1

to argue innocence; and (6) Taylor received ineffective assistance of trial counsel.

Taylor's second and third claims lack evidence sufficient to overcome the deference to be accorded under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to the state courts' conclusions that no erroneous instruction was read to the jury at his trial, and that his special plea of double jeopardy was properly denied. His first, fourth, and fifth claims are procedurally barred by his failure to properly exhaust them within the judicial system of the State of Texas. His sixth claim fails the two-pronged test of ineffective assistance claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, Taylor's petition for writ of habeas corpus should be denied.

## A. STANDARD OF REVIEW

AEDPA, which governs this court's habeas review, provides in relevant part that:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2008).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v.*

*Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one, and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

## B. CONCLUSORY CLAIMS

In the face of the deference due to state courts' conclusions of fact, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990).

Here, Taylor's second claim, of improper jury instruction, and third claim, of double jeopardy, are too conclusory to overcome the deference owed to the Texas courts' decisions.

### i. Improper Jury Instruction Claim

When Taylor raised his improper jury instruction claim on appeal, the Texas appellate court found that no improper charge had been read to the jury at Taylor's trial. *See Taylor*, No. 05-06-01258-CR at 2, 2008 WL 2426655 at *1. This finding was reaffirmed by the state habeas court, and adopted by the Court of Criminal Appeals. SHCR at 683, cover.[1] In his petition, Taylor makes a conclusory allegation that an improper charge was read to the jury, but pleads no facts in support of that claim. *See* Doc. 1 at 32-34. Such conclusory allegations are not entitled to habeas relief. *See Ross*, 694 F.2d at 1012; *Koch*, 907 F.2d at 530. Accordingly, Taylor's second claim fails.

### ii. Double Jeopardy Claim

Taylor's third claim is that the trial court erroneously overruled his special plea of double

---

[1]"SHCR" is the designation for the Clerk's Record of the state habeas proceedings referred to by page number(s); *Ex parte Taylor*, No. 71,444-02. "RR" is the designation for the reporters's record of the testimony from trial and "CR" is the abbreviation of the Clerk's record for the trial.

4

jeopardy stemming from a mistrial in Taylor's prior trial resulting from one of the prosecution's witnesses having identified Taylor as a drug dealer. *See* Petition, Doc 1 at 34-37.

Only where prosecutorial conduct "is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). Here, in rejecting Taylor's double jeopardy argument, the Texas appellate court found that "the record does not show the prosecutor intended to 'goad' appellant into seeking a mistrial." *Taylor*, No. 05-06-01258-CR at 4, 2008 WL 2426655 at *2. The legal analysis of the *Kennedy* decision in Taylor's petition is accompanied by the conclusory allegation that the prosecutor "intentionally injected Taylor's status as an alleged drug dealer before the jury." Petition, Doc. 1 at 35.  However, this conclusory assertion is insufficient to overcome the deference owed to the Texas appellate court's contrary finding. *See Ross*, 694 F.2d at 1012; *Koch*, 907 F.2d at 530. Accordingly, Taylor's third claim fails.

## C. PROCEDURALLY BARRED CLAIMS

If a petitioner has not fully exhausted state remedies but the state court would now find the claim procedurally barred, there has been a procedural default for purposes of federal habeas relief. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  Were this court to require a petitioner to present such a claim to the Texas Court of Criminal Appeals in a second habeas application under article 11.07 of the Texas Code of Criminal Procedure, the petitioner's application would be subject to dismissal under the Texas abuse-of-the-writ doctrine.  Under that doctrine:

> Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the

5

application contains sufficient specific facts establishing that:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

(c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West 2008). The Texas abuse-of-the-writ doctrine "represents an adequate state procedural bar for purposes of federal habeas review." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). This has been well established law in the Fifth Circuit since 1995. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

In the case at bar, Taylor has failed to establish cause for the procedural default of his first (insufficient evidence) and his fourth and fifth (prosecutorial misconduct) claims and failed to establish actual prejudice as a result of the alleged violation of federal law or that failure to consider this ground for relief will result in a fundamental miscarriage of justice. Therefore, these three claims should be denied as procedurally barred.

### D. INEFFECTIVE ASSISTANCE CLAIM

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland*, 466 U.S. at 687. In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been

different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim under the AEDPA standard of review, a petitioner is required to demonstrate that the state court's decision on his ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland*. *Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).

Here, Taylor's sixth claim is for ineffective assistance of counsel; he asserts that counsel failed to seek a mistrial after improper prosecutorial comment on Taylor's decision not to testify in his own defense, and that counsel failed to take the steps to present an adequate defense. *See* Petition, Doc. 1 at 39-41.

### i. Alleged Improper Prosecutorial Comment on Taylor's Silence at Trial

"For there to have been a denial of one's fifth amendment right to remain silent, the prosecutor's manifest intent in making the remark must have been to comment on the defendant's silence, or the character of the remark must have been such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999). Here, in support of his contention that the prosecutor improperly commented on Taylor's failure to testify, Taylor only quotes the prosecutor as having, in his closing argument to the jury, asked of Taylor's defense counsel–not of Taylor–"did he ever once say to you defendant didn't do it? Did you hear him say it?" Petition, Doc. 1 at 40. This hardly shows the prosecutor's

8

"manifest intent" to comment on Taylor's silence, rather than on the arguments of opposing counsel. *Jackson*, 194 F.3d at 652. Nor is the quoted remark one that "that the jury would naturally and necessarily construe . . . as a comment on the defendant's silence." *Id.*

In order to satisfy the second prong of the *Strickland* test, Taylor must show that counsel's error in failing to object to any improper prosecutorial comment was so egregious as to deprive Taylor of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. Having failed to show, under the standard set out in *Jackson*, that the prosecutor's remarks were a comment on Taylor's silence, *a fortiori* Taylor cannot satisfy the second prong of the *Strickland* test by showing that it was egregious error for defense counsel not to have objected to prosecutor's remarks for having been a comment on Taylor's silence. Accordingly, the first part of Taylor's claim of ineffective assistance of counsel fails.

### ii. Alleged Failure to Present a Defense

Taylor's claim that "defense counsel did not do anything in his defense . . . ." because of a "failure to be adversarial," Petition, Doc. 1 at 41, is conclusory. Such a conclusory claim fails to satisfy the first prong of the *Strickland* test: Taylor has not shown that counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. Accordingly, the second part of Taylor's claim of ineffective assistance of counsel also fails.

Both parts of it having failed, Taylor's ineffective assistance of counsel claim does not entitle him to habeas relief.

### III. CONCLUSION

None of the six claims in Taylor's petition for habeas corpus entitle him to relief. As discussed above, under AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Taylor has failed to demonstrate that the state courts' decisions were based upon unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. *See Williams*, 529 U.S. at 412-13; *Chambers*, 218 F.3d at 363.

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Defendant at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 26th day of November, 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

11