IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAYNE TAYLOR, § § Petitioner, § § § Civil Action No. 3:10-CV-0113-D VS. § § RICK THALER, DIRECTOR, § TEXAS DEPARTMENT § OF CRIMINAL JUSTICE - § INSTITUTIONAL DIVISION, § § Respondent. § | |

## ORDER

Before the court for *de novo* review in this habeas case is the report and recommendation of the magistrate judge. Before reaching the report and recommendation, the court will address the February 27, 2013 motion of petitioner Michael Wayne Taylor ("Taylor") for extension of time to file report of written objections and recommendations.

The magistrate judge filed his report and recommendation on November 26, 2012, over 90 days ago. Taylor filed motions for extensions of time to file objections on December 27, 2012 and January 29, 2013, both of which the court granted. In granting his second motion, the court set February 27, 2013 as the deadline for Taylor to file objections. On that day, Taylor filed his third motion for an extension of time. He has based each of his three motions on essentially the same conclusory ground: he is awaiting court transcripts. Apart from essentially the same conclusory assertion in each motion, however, he has shown no specific grounds for an extension. And his latest motion repeats almost verbatim his prior assertion that, "[d]ue to limited funds and communication petition is having trouble acquiring Court transcripts." Feb. 27, 2013 Mot. for Extension 1. No explanation is provided concerning what transcripts he is seeking, why he needs

them to prepare his objections (several of the grounds in the report and recommendation clearly do not require a transcript), or what he has done to obtain the transcripts he says he needs. Additionally, respondent filed the multi-volume state record in this court on March 19, 2010, almost three years ago.

Given that over 90 days have elapsed since the magistrate judge filed his report and recommendation, that the court has already granted two extensions of time, and that Taylor has failed to provide more than the same conclusory assertion that additional time is needed to obtain court transcripts, the court denies the February 27, 2013 motion for extension of time.

Turning to the November 26, 2012 report and recommendation of the magistrate judge, after making an independent review of the pleadings, files, and records in this case, and the report and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the report and recommendation of the magistrate judge are adopted.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's report and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED.**

February 28, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE